**James T. LASSITER, Appellant,**

v.

**Richard WILKENFELD, Appellee.**

No. 09–95–243CV.

Court of Appeals of Texas,
Beaumont.

Submitted June 13, 1996.

Decided Aug. 29, 1996.

Rehearing Overruled Sept. 19, 1996.

William H. Bruckner, Christopher J. Fernelius, Sylvia Davidow, Bruckner & Sykes, Houston, for appellant.

Linda O. Headley, J. Alfred Southerland, Ogletree, Deakins, Nash, Smoak & Stewart, Michael D. Mitchell, Hutcheson & Grundy, Houston, for appellee.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

## OPINION

STOVER, Justice.

This is an appeal from the trial court's granting of summary judgment for the defendant. James T. Lassiter was the administrator of Medical Center Hospital in Conroe, Texas. Richard Wilkenfeld is a surgeon with staff privileges at Medical Center. Mr. Lassiter sued Dr. Wilkenfeld for tortious interference with contractual relations or potential contractual relations, intentional infliction of emotional distress, and negligent infliction of emotional distress, alleging Dr. Wilkenfeld induced the hospital board to fire him because Mr. Lassiter declined Dr. Wilkenfeld's request to terminate Wilkenfeld's former mistress as the operating room supervisor.

We shall address appellant's four points of error in inverse order. All four points of error share a common standard of review. The summary judgment movant has the burden of establishing by competent summary judgment proof that, as a matter of law, there is no genuine issue of material fact as to one or more essential elements of the plaintiff's cause of action. *Gibbs v. General Motors Corp.,* 450 S.W.2d 827, 828 (Tex. 1970). A defendant who moves for summary judgment must conclusively disprove one of the elements of each of the plaintiff's causes of action. *Union Pump Co. v. Allbritton,* 898 S.W.2d 773–774 (Tex.1995). If the movant establishes his right to judgment, the burden shifts to the nonmovant to raise a fact issue that would preclude summary judgment. *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979). We review the evidence in the light most favorable to the nonmovant, accept all of the nonmovant's factual assertions as true, and resolve any doubt in the nonmovant's favor. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–549 (Tex.1985). Mere conclusory statements do not constitute effective summary judgment proof and need not be given the same presumptive force as allegations of fact. *Abbott Laboratories, Inc. v. Segura,* 907 S.W.2d 503, 508 (Tex.1995). A summary judgment may not be based upon a weakness in the nonmovant's pleading or proof unless it establishes the absence of a right of action or an insurmountable bar to recovery. *State v. Durham,* 860 S.W.2d 63, 68 (Tex.1993). A defendant may establish his entitlement to summary judgment by disproving at least one element of each claim specifically pleaded by the plaintiff unless the plaintiff in response raises a genuine issue of material fact as to some other claim which might be brought within the general language of the petition. *Smithkline Beecham Corp. v. Doe,* 903 S.W.2d 347, 355 (Tex.1995). Because the trial court did not specify which ground it relied upon in granting summary judgment, we will affirm the judgment if any of the theories advanced in support of the summary judgment are meritorious. *Harwell v. State Farm Mutual Auto. Ins. Co.,* 896 S.W.2d 170, 173 (Tex.1995).

Dr. Wilkenfeld approached Mr. Lassiter with a request to get the doctor's mistress out of the operating room by terminating her employment. The lady was a nurse employed by the hospital. Mr. Lassiter communicated his concern over the lack of any reason for termination pertinent to her employment. At that time, the nurse had divorced her spouse and anticipated marriage with the doctor once he obtained a divorce. The doctor was uncomfortable with the prospect of informing his mistress of his decision to remain in his existing marriage. Dr. Wilkenfeld approached Mr. Lassiter about the nurse on at least two more occasions, expressed his reluctance to be ugly or rude to the lady, and requested Lassiter's assistance in removing her from his work environment. As there was no place in the hospital to transfer her, such a removal could only be accomplished by terminating her employment. Mr. Lassiter avoided committing himself to this endeavor, as he hoped the participants would resolve their personal entanglements in a professional manner.

Then Virginia Legg, the president of the hospital board, called Mr. Lassiter because Wilkenfeld had asked her to tell Lassiter to fire the nurse. A telephone call from Rigby Owen, another board member, followed. Mr. Owen expressed his indignation at the behavior involved and expressed his desire to fire the nurse. Mr. Owen was upset by Lassiter's inaction on this matter. While Lassiter agreed that the activity was immoral, he stated it was not particularly uncommon in the hospital. At this point, he was concerned that the hospital might be liable for discrimination if it fired the woman. Lassiter discussed the matter with David Crews, the hospital's attorney, including his concern that the nurse's personnel file did not contain anything negative and he did not detect a detrimental effect on patient care from the affair. That night, Lassiter was called to an executive committee meeting of the hospital board; he was ordered to leave the room, and once recalled was informed of the board's decision to fire him. Lassiter's replacement promptly obtained the nurse's resignation.

Dr. Wilkenfeld's motion for summary judgment alleged Lassiter's claim for negligent infliction of emotional distress is barred as a matter of law by *Boyles v. Kerr*, 855 S.W.2d 593 (Tex.1993). Lassiter amended his pleadings to delete the claim for negligent infliction of emotional distress. Although Lassiter assigned a point of error to this claim to prevent any claim of appellate waiver, at oral argument he conceded *Boyles v. Kerr* precludes his cause of action for negligent infliction of emotional distress. Point of error four is overruled.

■■■ Point of error three contends: "The trial court erred in granting Wilkenfeld's motion for summary judgment because Lassiter raises material fact issues regarding his claim of intentional infliction of emotional distress." The elements of intentional infliction of emotional distress are: 1) the defendant acted intentionally or recklessly; 2) the conduct was extreme and outrageous; 3) the defendant's actions caused the plaintiff emotional distress; and 4) the emotional distress suffered by the plaintiff was severe. *Wornick Co. v. Casas*, 856 S.W.2d 732, 734 (Tex. 1993); *Twyman v. Twyman*, 855 S.W.2d 619, 621–622 (Tex.1993). Dr. Wilkenfeld's motion for summary judgment maintained Lassiter's claim for intentional infliction of emotional distress must fail because: 1) Wilkenfeld's conduct was not so extreme and outrageous as to permit recovery; and 2) Lassiter cannot establish the requisite intent to cause him to suffer severe emotional distress.

■■■ Wilkenfeld argues the record is devoid of any evidence that Wilkenfeld acted with intent to cause Lassiter to suffer. Regarding the requisite intent, Wilkenfeld argues Lassiter's deposition establishes only a subjective belief that Dr. Wilkenfeld was involved in his termination, as compared to testimony from a board member that Lassiter's employment was terminated for reasons unrelated to Dr. Wilkenfeld. This "subjective belief" is supported by sufficient objective evidence to preclude summary judgment, including the doctor's conversations with the board members and their subsequent decla-

rations and actions. The doctor's admitted actions raise a fact issue of intent. In an action for intentional infliction of emotional distress, a person acts with intent if he desires to cause the consequences of his act or believes the consequences are certain to result from it. *Washington v. Knight*, 887 S.W.2d 211, 216 (Tex.App.—Texarkana 1994, writ denied). An actor is reckless when he knows or has reason to know of facts which create a risk of harm to another and deliberately proceeds to act in conscious disregard of, or indifference to, that risk. *Id.* A jury may disbelieve the defendant's protestations that no harm was intended and draw the necessary inferences to establish intent. *George Grubbs Enterprises, Inc. v. Bien*, 881 S.W.2d 843, 852 (Tex.App.—Fort Worth 1994), *reversed on other grounds*, 900 S.W.2d 337 (Tex.1995). After Lassiter made it clear that he would not fire the nurse because such an action would be discriminatory, Dr. Wilkenfeld pursued the single-minded goal of firing the nurse, to the point of complaining about Lassiter's recalcitrance to more than one member of the hospital board. As Lassiter or his successor were the only people who could fire the woman, and Lassiter had refused to do so, reasonable minds may conclude that the doctor realized his actions would precipitate Lassiter's dismissal. As Dr. Wilkenfeld knew Mr. Lassiter personally, and knew him to be a middle-aged man who had recently moved across the country to assume his position at the hospital, reasonable minds might also conclude Dr. Wilkenfeld realized the substantial certainty that emotional harm would befall Mr. Lassiter. The summary judgment is insupportable on the intent element of Lassiter's cause of action for intentional infliction of emotional distress.

■■■ Wilkenfeld argues his conduct was, as a matter of law, not so extreme and outrageous as to permit recovery. In order to support a claim for intentional infliction of emotional distress, the conduct must be so outrageous in character and extreme in degree as to go beyond all possible bounds of decency as to be regarded as atrocious and

utterly intolerable in a civilized community. *Natividad v. Alexsis, Inc.,* 875 S.W.2d 695, 699 (Tex.1994). Whether the conduct may reasonably be regarded as extreme and outrageous is initially a question of law for the courts. *Washington v. Naylor Indus. Serv., Inc.,* 893 S.W.2d 309, 313 (Tex.App.—Houston [1st Dist.] 1995, no writ). Dr. Wilkenfeld's conduct may be morally unjustifiable, but even unscrupulous and ignominious behavior does not rise to the level of "extreme and outrageous." *See Miller v. Galveston/Houston Diocese,* 911 S.W.2d 897, 899 (Tex.App.—Amarillo 1995, no writ). The trial court did not err in granting summary judgment on appellant's claim for intentional infliction of emotional distress. Point of error three is overruled.

 Point of error two urges "the trial court erred in granting Wilkenfeld's motion for summary judgment because Lassiter raises material factual issues regarding his claim for tortious interference with contract; or, alternatively, regarding his claim of tortious interference with prospective contract or contractual relations." Wilkenfeld sought summary judgment on Lassiter's claim for tortious interference with contract because: 1) Dr. Wilkenfeld was so closely aligned with the hospital that he could not tortiously interfere with it; 2) Dr. Wilkenfeld's interference with the contract was not a proximate cause of Lassiter's dismissal; and 3) Lassiter was aware the hospital would not enter into a written contract with him.

 Texas law recognizes a cause of action for tortious interference against a stranger to the contract who wrongly induces another contracting party to break the contract. *Holloway v. Skinner,* 898 S.W.2d 793, 794–95 (Tex.1995). Wilkenfeld relies upon *American Medical International, Inc. v. Giurintano,* 821 S.W.2d 331 (Tex.App.—Houston [14th Dist.] 1991, no writ), for the proposition that, as a doctor with staff privileges, Wilkenfeld is so closely aligned with the hospital that it is impossible for him to tortiously interfere with the hospital's contracts. We detect no such identity of interest. The doctor is an independent contractor with staff privileges; he is not an owner, employee, officer, or shareholder. Even accepting Wilkenfeld's status as an agent, his conduct places him squarely within the exception recognized in *Giurintano. Id.* at 336, n. 3. Our Supreme Court has recognized an agent of the breaching party may be liable for tortious interference if he acts in a manner so contrary to the principal's interest that the agent could only have been motivated by *personal* interest. *Holloway v. Skinner,* 898 S.W.2d at 797. Dr. Wilkenfeld at the very least approached two board members with complaints about Lassiter's refusal to fire Wilkenfeld's mistress, an employee he wanted fired for no reason other than to placate his wronged spouse. The doctor's actions in this case were pursued for purely personal motivations, and exposed the hospital to potential liability for wrongful termination. Where reasonable minds might differ, the question is for the jury and summary judgment is improper.

 Likewise Wilkenfeld failed to negate causation as a matter of law. Mr. Owen claimed Lassiter was fired for reasons unrelated to Wilkenfeld's extramarital affair. Mr. Lassiter produced summary judgment evidence, both direct and circumstantial, which contradicts that claim. We know Dr. Wilkenfeld demanded Lassiter fire the nurse, that he approached two board members with his complaints after Lassiter refused, the board promptly fired Lassiter when he had no previous indication of their dissatisfaction, and his successor promptly obtained the nurse's involuntary resignation when she had done nothing to prompt her termination. Wilkenfeld argues he never threatened Lassiter, but that is not the equivalent of proof he didn't interfere with the contractual relationship between Lassiter and the hospital. There's no evidence he threatened his mistress either, and he certainly interfered with her contractual relationship with the hospital. Furthermore, Wilkenfeld's claim that Lassiter knew the hospital would not enter into a written contract is neither established as a matter of law, nor is it dispositive of the cause of action. Lassiter had a working relationship with the hospital and was actively negotiating with the hospital. We find

Lassiter possessed an interest, or a potential contract, which was susceptible to interference. *See Sterner v. Marathon Oil Co.,* 767 S.W.2d 686, 688–689 (Tex.1989). The record raises genuine issues of material fact regarding Lassiter's claim for tortious interference with contract. Point of error two is sustained.

Point of error one alleges simply "[t]he trial court erred in granting Wilkenfeld's motion for summary judgment." Appellant does not raise any issues under this point which are not also addressed in the remaining points of error. Our disposition of points of error two and three make address of this point unnecessary. We hold the trial court erred in granting summary judgment on Mr. Lassiter's cause of action for tortious interference with contract or prospective contract. We hold the trial court did not err in granting summary judgment on Mr. Lassiter's cause of action for intentional infliction of emotional distress. The judgment of the trial court is affirmed as to the cause of action for intentional infliction of emotional distress, and reversed on the cause of action for interference with contract or prospective contract. The cause is remanded to the trial court for further proceedings consistent with this opinion.

AFFIRMED IN PART; REVERSED AND REMANDED IN PART.