V00500.aa1; Bernen v. Live Oak Ins. Agency



NUMBER 13-00-500-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

____________________________________________________________________


LEON BERNSEN, JR., Appellant,


v.


LIVE OAK INSURANCE AGENCY, INC., Appellee.

____________________________________________________________________


On appeal from the 343rd District Court of Live Oak County, Texas.

____________________________________________________________________


O P I N I O N

Before Justices Dorsey, Hinojosa, and Castillo

Opinion by Justice Hinojosa


This is an appeal from the trial court's order granting summary judgment in a sworn account suit for unpaid truck insurance
premiums. In a single issue, appellant, Leon Bernsen, Jr. ("Bernsen"), contends the trial court erred in granting the motion
for summary judgment of appellee, Live Oak Insurance Agency, Inc. ("Live Oak"), because a genuine issue of material fact
exists regarding whether he can be held personally liable for the amount due on the account. We reverse and remand.

A. Standard of Review


When reviewing a traditional summary judgment brought under rule 166a of the Texas Rules of Civil Procedure, an
appellate court must follow these well-established rules:

 


 the movant has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as
a matter of law;


 


 in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the
nonmovant will be taken as true; and 


 


 every reasonable inference must be indulged in favor of the nonmovant and any doubts must be resolved in favor of the
nonmovant.



American Tobacco Co., Inc. v. Grinnell, 951 S.W.2d 420, 425 (Tex. 1997); Nixon v. Mr. Property Management Co., 690
S.W.2d 546, 548-49 (Tex. 1985); see Tex. R. Civ. Proc. 166a. A defendant may defeat the plaintiff's motion for summary
judgment by creating a fact issue about one element of the plaintiff's cause of action; he must do so by filing a response that
either identifies a fact issue in the summary judgment proof already in the record, or by filing additional summary judgment
evidence that creates a fact issue. Dillard v. NCNB Nat'l Bank, 815 S.W.2d 356, 360-61 (Tex. App.-Austin 1991, no writ),
overruled on other grounds, Amberboy v. Societe de Banque Privee, 831 S.W.2d 793 (Tex. 1992). 

We review the evidence in the light most favorable to the party against whom the summary judgment was rendered,
disregarding all contrary evidence and inferences. Merrell Dow Pharm., Inc. v. Havner, 953 S.W.2d 706, 711 (Tex.
1997);Zapata v. Children's Clinic, 997 S.W.2d 745, 747 (Tex. App.-Corpus Christi 1999, pet. denied); Connell v. Connell,
889 S.W.2d 534, 537 (Tex. App.-San Antonio 1994, writ denied). Evidence favoring the movant's position will not be
considered unless it is uncontradicted. Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41,
47 (Tex. 1965). 

If a summary judgment is granted generally, without specifying the reason, it will be upheld if any ground in the motion for
summary judgment can be sustained. Carr v. Brasher, 776 S.W.2d 567, 569 (Tex. 1989); Weakly v. East, 900 S.W.2d
755, 758 (Tex. App.-Corpus Christi 1995, writ denied); Benavides v. Moore, 848 S.W.2d 190, 192 (Tex. App.-Corpus
Christi 1992, writ denied).

B. Background and Procedural History

Live Oak sued Bernsen, "Individually and doing business as AG TEX COMMODITIES," in the District Court of Live Oak
County for the outstanding balance of $24,949.74 on an open account for truck insurance. Bernsen answered with a general
denial. Live Oak then amended its petition, alleged a sworn account, and attached the affidavit of its bookkeeper which
stated that the debt was just and true and that all just and lawful offsets, payments, and credits had been allowed.

Live Oak subsequently filed a motion for summary judgment, asserting there were no genuine issues as to any material fact
necessary to establish that Bernsen was indebted to Live Oak in the amount of $24,949.74 for unpaid and overdue
insurance premiums. In support of its motion, Live Oak attached the affidavit of its bookkeeper, and the account records.
Live Oak also attached the affidavit of its attorney, who stated that $2,500 was a fair, usual, and customary charge for the
services he provided in connection with the collection efforts and lawsuit against Bernsen.

Bernsen filed an amended answer in which he asserted: (1) that he was not liable in the capacity in which he had been sued,
(2) that the correct party was Ag-Tex Commodities, Inc., a Texas corporation, and (3) that the charges in the sworn account
were not just and true as to him, individually. Bernsen filed a response to Live Oak's motion for summary judgment and
attached his affidavit. Bernsen denied that he had individually contracted for services with Live Oak and asserted that he
was not a proper party in the lawsuit - that Ag-Tex was the proper party.

In its reply to Bernsen's response, Live Oak argued that Bernsen had not sworn in his pleadings that he had ever informed
Live Oak that he would no longer be personally responsible for the account. Attached to the reply was an unsigned,
unsworn "affidavit" from Reid Holleman, an officer of Live Oak, stating that he had the most dealings with Bernsen, that
Bernsen purchased the insurance personally, and that Bernsen informed him that he was starting a trucking business, but
never informed him that he was incorporating the business, or that Live Oak should look to the corporation for payment.

Bernsen filed a supplemental response again denying that he was the proper party. He attached copies of insurance
documents from Live Oak showing that AG TEX COMMODITIES INC. was the named insured on the insurance policies
in question. Attached to the supplemental response was an affidavit from Bernsen's attorney, stating that the insurance
documents had been produced by Live Oak in response to a discovery request.

The trial court granted Live Oak's motion for summary judgment and granted judgment against Bernsen for the $24,949.74
due on the account and $2,500.00 for attorney's fees.

C. Agent's Liability for Debt of Principal

As a general rule, an agent is not liable for the contracts of the principal. See, e.g., Maxey v. Citizens Nat'l Bank, 507
S.W.2d 722, 726 (Tex. 1974). The law does not presume agency. Lachmann v. Houston Chronicle Publ'g Co., 375
S.W.2d 783, 785 (Tex. Civ. App.-Austin 1964, writ ref'd n.r.e.). However, in order to avoid personal liability, an agent has
the duty to disclose not only that he is acting in a representative capacity, but also the identity of his principal. J. Parra e
Hijos, S.A. de C.V. v. Barroso, 960 S.W.2d 161, 168 (Tex. App.-Corpus Christi 1997, no pet.); Gonzales County Water
Supply Corp. v. Jarzombek, 918 S.W.2d 57, 60 (Tex. App.-Corpus Christi 1996, no writ); A to Z Rental Ctr. v. Burris, 714
S.W.2d 433, 435 (Tex. App.-Austin 1986, writ ref'd n.r.e.). One acting for another in making a contract is individually
liable on the contract if, at the time of making the contract, the agent fails to disclose his agency and the identity of his
principal. Barroso, 960 S.W.2d at 168; Dodds v. Charles Jourdan Boutique, Inc., 648 S.W.2d 763, 766 (Tex. App.-Corpus
Christi 1983, no writ); see also Heinrichs v. Evins Personnel Consult., Inc. No. One, 486 S.W.2d 935, 937 (Tex. 1972);
Trailways, Inc. v. Clark, 794 S.W.2d 479, 491 (Tex. App.-Corpus Christi 1990, writ denied). However, circumstances may
exist which would put the person with whom the agent is dealing on notice of inquiry of the existence of a principal. 
Barroso, 960 S.W.2d at 168; Carter v. Walton, 469 S.W.2d 462, 472 (Tex. Civ. App.-Corpus Christi 1971, writ ref'd
n.r.e.). The agent is not relieved from liability just because the party with whom he is contracting could have conceivably
discovered that the agent was working only in a representative capacity. Harco Energy, Inc. v. The Re-Entry People, Inc.,
23 S.W.3d 389, 392-93 (Tex. App.-Amarillo 2000, no pet.); Barroso, 960 S.W.2d at 168. 

D. Analysis

In its motion for summary judgment, Live Oak established a prima facie case that Bernsen owed it $24,949.74 on an open
account, and that it had incurred $2,500 in reasonable attorney's fees in connection with its collection efforts and the
resulting lawsuit. The burden then shifted to Bernsen to raise a genuine issue of material fact. Bernsen did so in his
affidavit which stated: (1) that he was not doing business as AG TEX COMMODITIES, (2) that Ag-Tex Commodities, Inc.
was in fact a Texas corporation of which he was president, and (3) that Ag-Tex was the proper defendant in the lawsuit.

The burden then shifted back to Live Oak. Live Oak attempted to meet this burden by filing an unsigned, unsworn
"affidavit" from one of its officers, stating that Bernsen had never informed Live Oak that he had incorporated the trucking
business and that he would no longer be personally responsible for the insurance premiums.

However, an affidavit is a written, factual statement signed by the person making it, sworn before an officer authorized to
administer oaths, and officially certified by the officer under seal of office. Tex. Gov't Code Ann. § 312.001(1)(Vernon
1998); Ford Motor Co. v. Leggat, 904 S.W.2d 643, 645-46 (Tex. 1995). An unsworn statement that purports to be an
affidavit will not support a summary judgment, even if unchallenged. Perkins v. Crittenden, 462 S.W.2d 565, 568 (Tex.
1970); Sullivan v. Bickel & Brewer, 943 S.W.2d 477, 486 (Tex. App.-Dallas 1995, writ denied); Gonzalez v. Phoenix
Frozen Foods, Inc., 884 S.W.2d 587, 590 (Tex. App.-Corpus Christi 1994, no writ).

Furthermore, Bernsen attached to his supplemental response copies of insurance documents showing that the insurance
policies in question listed Ag-Tex Commodities, Inc. as the named insured. This raised a fact question regarding whether
Live Oak had knowledge that the business was incorporated, or whether Live Oak had sufficient notice of this fact that it
incurred the duty to inquire as to the existence of a principal. Viewing the evidence in the light most favorable to Bernsen,
we conclude that Bernsen raised a genuine issue of material fact regarding whether he or Ag-Tex Commodities, Inc. was
the proper defendant in the case. Accordingly, we hold the trial court erred in granting Live Oak's motion for summary
judgment. Bernsen's sole issue is sustained.

We reverse the trial court's order granting summary judgment and remand the case to the trial court for further proceedings
consistent with this opinion.



FEDERICO G. HINOJOSA

Justice





Publish. Tex. R. App. P. 47.3.



Opinion delivered and filed this

the 28th day of June, 2001.