Rugaart, et al. v. Rodriguez, et al.









NUMBER 13-02-00116-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 
 

JOHN RUGAART AND BETTY RUGAART, Appellants,


v.



J. J. RODRIGUEZ AND THOMAS MASON

AGENCY, INC., A/K/A MASON & COMPANY

REALTORS, Appellees.

 


On appeal from the 357th District Court of Cameron County, Texas.


 


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Hinojosa and Rodriguez


Opinion by Justice Hinojosa



 Appellants, John Rugaart and Betty Rugaart, appeal from the trial court's order
granting the motion for summary judgment of appellees, J.J. Rodriguez ("Rodriguez") and
Thomas Mason Agency, Inc., a/k/a Mason & Company Realtors ("Mason"), on appellants'
claim for tortious interference with a contract to purchase a building entered into between
appellants and Ruben Santos ("Santos"). By two points of error, appellants contend the
trial court erred in granting the motion. We affirm.

 As this is a memorandum opinion and the parties are familiar with the facts, we will
not recite them here. See Tex. R. App. P. 47.4. 

A. Standard of Review


 We review the granting of a traditional motion for summary judgment de novo. See
Natividad v. Alexsis, Inc., 875 S.W.2d 695, 699 (Tex. 1994); Branton v. Wood, 100 S.W.3d
645, 646 (Tex. App.-Corpus Christi 2003, no pet.). In a traditional motion for summary
judgment, the movant has the burden of showing that there is no genuine issue of material
fact and that he is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); Lear
Siegler, Inc. v. Perez, 819 S.W.2d 470, 471 (Tex. 1991). In deciding whether there is a
genuine issue of material fact, evidence favorable to the nonmovant will be taken as true,
and all reasonable inferences made and all doubts resolved in the nonmovant's favor. Am.
Tobacco Co. v. Grinnell, 951 S.W.2d 420, 425 (Tex. 1997). Summary judgment is proper
if the movant disproves at least one element of each of the plaintiff's claims or affirmatively
establishes each element of an affirmative defense to each claim. Id. The nonmovant has
no burden to respond to a traditional motion for summary judgment unless the movant
conclusively establishes its cause of action or defense. M.D. Anderson Hosp. & Tumor
Inst. v. Willrich, 28 S.W.3d 22, 23 (Tex. 2000).

 By contrast, when a motion for summary judgment is presented under rule 166a(i)
of the rules of civil procedure asserting there is no evidence of one or more essential
elements of the nonmovant's claims upon which the nonmovant would have the burden of
proof at trial, the movant does not bear the burden of establishing each element of its own
claim or defense. Branton, 100 S.W.3d at 647; Gen. Mills Rests., Inc. v. Tex. Wings, Inc.,
12 S.W.3d 827, 832 (Tex. App.-Dallas 2000, no pet.); see Tex. R. Civ. P. 166a(i). Instead,
the burden shifts entirely to the nonmovant to present enough evidence to be entitled to
a trial: evidence that raises a genuine fact issue on the challenged elements. See Tex. R.
Civ. P. 166a cmt. If the nonmovant is unable to proffer enough evidence, the trial court
must grant the motion. Branton, 100 S.W.3d at 647. A no-evidence summary judgment
is improper if the respondent brings forth more than a scintilla of probative evidence to
raise a genuine issue of material fact. Merrell Dow Pharms., Inc. v. Havner, 953 S.W.2d
706, 711 (Tex. 1997). Less than a scintilla of evidence exists when the evidence is so
weak as to do no more than create a mere surmise or suspicion of a fact. Kindred v.
Con/Chem, Inc., 650 S.W.2d 61, 63 (Tex. 1983); Branton, 100 S.W.3d at 647. More than
a scintilla of evidence exists when the evidence rises to a level that would enable
reasonable and fair-minded people to differ in their conclusions. Havner, 953 S.W.2d at
711; Branton, 100 S.W.3d at 647.

 When, as here, a trial court's order granting a motion for summary judgment does
not specify the ground or grounds relied on for its ruling, the appellate court will affirm the
summary judgment if any of the theories advanced are meritorious. Dow Chem. Co. v.
Francis, 46 S.W.3d 237, 242 (Tex. 2001); Boren v. Bullen, 972 S.W.2d 863, 865 (Tex.
App.-Corpus Christi 1998, no pet.). Likewise, where the order granting summary judgment
does not state the grounds upon which it was granted, the nonmovant must show on
appeal that each independent ground alleged is insufficient to support the summary
judgment. Malooly Bros., Inc. v. Napier, 461 S.W.2d 119, 121 (Tex. 1970); Williams v. City
of Dallas, 53 S.W.3d 780, 784 (Tex. App.-Dallas 2001, no pet.).

B. Analysis


 In their combined "traditional" and "no-evidence" motion for summary judgment,
appellees asserted the following grounds: (1) the evidence establishes there is no genuine
issue of material fact as to the agency relationships; (1) (2) there is no evidence of an
intentional interference with a contract; and (3) there is no evidence of damages. In their
response, appellants argued that: (1) as a matter of law, an agency relationship existed
between Rodriguez and Santos and between Rodriguez and Mason; (2) a prima facie
cause of action against Rodriguez and Mason was established and there is enough
evidence of tortious interference with a contract and of damages to preclude summary
judgment. The trial court granted appellees' motion for summary judgment without
specifying the grounds on which the summary judgment was based.

 By their first point of error, appellants generally contend the trial court erred in
granting the motion for summary judgment. By their second point of error, appellants
contend the trial court erred in finding that there was an agent/principal relationship
between Rodriguez and Santos that was inviolate.

1. Agency Relationship/Tortious Interference as to Rodriguez


 An "agent" is one who is authorized by a person or entity to transact business or
manage some affair for that person or entity. First Valley Bank of Los Fresnos v. Martin,
55 S.W.3d 172, 183 (Tex. App.-Corpus Christi 2001, no pet.). As a general rule, an agent
is not liable for the contracts of the principal. Bernsen v. Live Oak Ins. Agency, Inc., 52
S.W.3d 306, 309 (Tex. App.-Corpus Christi 2001, no pet.). A third party generally has no
cause of action against an agent for inducing the principal to breach a contract with a third
party. Morgan Stanley & Co. v. Tex. Oil Co., 958 S.W.2d 178, 179 (Tex. 1997); Holloway
v. Skinner, 898 S.W.2d 793, 796 (Tex. 1995). However, an agent of the breaching party
may be held liable for tortious interference if he acts in a manner so contrary to the
principal's interest that the agent could only have been motivated by personal interest. 
Lassiter v. Wilkenfeld, 930 S.W.2d 803, 808 (Tex. App.-Beaumont 1996, writ denied)
(citing Holloway, 898 S.W.2d at 797).

 Here, it is undisputed that an agency relationship existed between Rodriguez and
Santos. Nonetheless, appellants contend that at the time of the events in question, the
agent/principal relationship between Santos and Rodriguez was not intact because of the
personal motivation of Rodriguez. Thus, the issue raised by appellants is whether the trial
court erred when it found that Rodriguez was acting within the scope of the agency
relationship rather than pursuing his own personal interests.

 In support of their contention that Rodriguez was acting contrary to Santos's
interest, appellants allege the following facts: (1) Rodriguez failed to communicate to
Santos that the asbestos problem impeding the sale had been resolved; (2) Rodriguez
himself drafted the letter terminating the contract and requesting a refund of the purchase
price; (3) because Santos was unable to read and write English, the decision to terminate
the contract must have come from Rodriguez; and (4) because Rodriguez co-signed on the
loan made to Santos to purchase the building, he must have been pursuing his own
personal objectives.

 The mere existence of a personal stake in the outcome cannot alone constitute
proof that the defendant committed an act of willful or intentional interference. Holloway,
898 S.W.2d at 796. Even an agent's "mixed motives" to benefit himself as well as the
principal are insufficient to establish liability. Id. (citing Welch v. Bancorp Mgmt. Advisors,
Inc., 675 P.2d 172, 178 (Or. 1983)). It is immaterial that the actor also profits by the advice
or that he dislikes the third party and takes pleasure in the harm caused to him by the
advice. Id. (citing Restatement (Second) of Torts § 772 cmt. c (1979)). The supreme
court has held that if a principal does not complain about its agent's actions, the agent
cannot be held to have acted contrary to the principal's interests. Morgan Stanley, 958
S.W.2d at 182.

 There is no evidence in the record that Rodriguez committed an act so contrary to
Santos's best interests that it could only have been motivated by the pursuit of Rodriguez's
personal interests. On the contrary, it is clear from the evidence presented that Santos
wanted to get his money back on February 17, 2000, although he did not know how to
accomplish such a result. Rodriguez advised Santos on how to get his earnest money
returned and prepared the letter terminating the contract on behalf of and in the presence
of Santos. Santos then personally delivered the termination letter to appellants' real estate
agent. The mere existence of a personal objective, as alleged by appellants, is immaterial
as long as Rodriguez did not willfully or intentionally act to advance his own interests at
Santos's expense. See Prudential Ins. Co. of Am. v. Fin. Review Servs., Inc., 29 S.W.3d
74, 79 (Tex. 2000). 

 From our review of the record, we cannot conclude that Rodriguez's failure to inform
Santos that the asbestos problem had been resolved was intentional or willful interference. 
Furthermore, it is undisputed that appellants' attorney informed Santos before the February
17, 2000 termination letter was prepared that the asbestos problem had been resolved. 
Moreover, Santos never complained about Rodriguez's actions as his agent.

 Accordingly, appellees met their burden of showing that there is no genuine issue
of material fact regarding the agency relationship between Rodriguez and Santos. See
Tex. R. Civ. P. 166a; Lear Siegler, 819 S.W.2d at 471. Rodriguez was at all times an agent
of Santos, and Rodriguez's actions were not so contrary to Santos's interests that
Rodriguez could only have been motivated by personal interest. Thus, Rodriguez may not
be held liable for tortious interference. See Lassiter, 930 S.W.2d at 808. 

2. Agency Relationship/Tortious Interference as to Mason


 Regarding the contract, appellants contend that Mason was an agent for Santos. 
The record reflects there was no signed contract between Mason and Santos establishing
a formal agency relationship. Further, the record contains no evidence that Mason was
authorized by Santos to manage his affairs, i.e., the purchase of the building, so as to
establish an agency relationship. See First Valley Bank, 55 S.W.3d at 183. Finally, Mason
took no action based on actual or apparent authority on behalf of Santos directed toward
a third party. See id. at 183-84. Accordingly, based on our review of the evidence, we
conclude that no agency relationship existed between Mason and Santos. Because Mason
is not protected under the agency relationship, it is necessary for us to review appellants'
claim that Mason tortiously interfered with a contract.

 The contract at issue was between appellants and a third party, Doak Dunkin, for
the sale of the land on which the subject building was located. The contract between
appellants and Santos required Santos to remove the building by a certain date. The time
limitation was imposed by Dunkin, who wanted to take the land free and clear of any
improvements. Appellants claimed that by inducing Santos to breach his agreement with
appellants, Mason intentionally interfered with their contract with Dunkin. In their amended
motion for summary judgment, appellees asserted there was no evidence of intentional
interference with the contract. 

 The elements of tortious interference with a contract are: (1) the existence of a
contract subject to interference; (2) willful and intentional interference; (3) interference that
proximately caused damages; and (4) actual damages or loss. Prudential Ins. Co. of Am.,
29 S.W.3d at 78-79; Powell Indus., Inc. v. Allen, 985 S.W.2d 455, 456 (Tex. 1998). A
defendant may defeat a tortious interference claim on summary judgment by disproving
one element of the claim as a matter of law. Powell Indus., 985 S.W.2d at 456; see also
Wornick Co. v. Casas, 856 S.W.2d 732, 733 (Tex. 1993). Interference with a contract is
tortious only when it is intentional. Southwestern Bell Tel. Co. v. John Carlo Tex., Inc., 843
S.W.2d 470, 471 (Tex. 1992). There must be some direct evidence of a willful act of
interference by a party. Browning-Ferris, Inc. v. Reyna, 865 S.W.2d 925, 927 (Tex. 1993). 
A party must be more than a willing participant; he must knowingly induce one of the
contracting parties to breach its obligations. See id. Thus, appellants had to show that
Mason took an active part in persuading Santos to breach his contract with appellants. 
See John Paul Mitchell Sys. v. Randalls Food Mkts., Inc., 17 S.W.3d 721, 731 (Tex.
App.-Austin 2000, pet. denied).

 We find no evidence in the record to support appellants' claim that Mason
intentionally and willfully interfered with the Dunkin contract. The record clearly shows that
Mason took no affirmative action to induce Santos to breach his contract with appellants. 
Since the sale of the building did not involve real property, Rodriguez did not need Mason
to formulate the transaction. Instead, Rodriguez negotiated and drafted Santos's contract. 
Because Rodriguez was an independent contractor and not an employee of Mason,
Rodriguez did not need Mason's approval for the transaction. The fact that Rodriguez
used Mason's clerical staff and stationery in preparing the February 17, 2000 termination
letter is no evidence that Mason knowingly induced Santos to breach the Dunkin contract. 
Thus, we conclude that appellants have not presented enough evidence to be entitled to
trial on their tortious interference claim against Mason. See Tex. R. Civ. P. 166a cmt.

 Appellants' first and second points of error are overruled. We affirm the trial court's
order granting appellees' motion for summary judgment.


 FEDERICO G. HINOJOSA

 Justice



Opinion delivered and filed this the

13th day of November, 2003.
1. Only Rodriguez asserted he was an agent and, as such, was not personally liable for
actions taken on behalf of his principal, Santos. Mason asserted it was not an agent.