Alfred G. FREEDMAN and Sylvia Freedman, Appellants,

v.

CIGNA INSURANCE COMPANY OF TEXAS and Insurance Company of North America, Appellees.

No. 01–96–01462–CV.

Court of Appeals of Texas, Houston (1st Dist.).

May 21, 1998.

Al Schulman, Houston, for Appellants.

David S. Lynch, Houston, for Appellees.

Before O'CONNOR, TAFT and SMITH, JJ.*

## OPINION

O'CONNOR, Justice.

Alfred and Sylvia Freedman, the appellants and plaintiffs below, appeal the trial court's rendition of summary judgment in favor of Cigna Insurance Company of Texas (Cigna) and Insurance Company of North America (ICNA), the appellees and defendants below. We affirm.

## Background

In 1990, the Freedmans sold their house at 9707 Runnymeade to the Marxes. After buying the house, the Marxes noticed the roof leaked. In 1992, part of the roof collapsed into the Marxes' baby's room. After learning the roof had needed repairs while the Freedmans lived there, the Marxes sued the Freedmans for not disclosing the problems with the roof, and alleged the Freedmans intentionally defrauded them. The Marxes sued the Freedmans for violating the Texas Deceptive Trade Practices Act,[1] common-law fraud, fraud in a real estate transaction, and negligence.

The Freedmans asked their insurers, Cigna and ICNA, to defend them against the Marxes' suit; the insurers refused. The Freedmans eventually settled the Marxes' suit, and then sued Cigna and ICNA, claiming the insurers breached their contracts by not defending the Freedmans and not indemnifying the Freedmans from the resulting liability, and breached duties imposed by the Texas Insurance Code.[2]

Cigna and ICNA filed a motion to sever and abate the extra-contractual claims, arguing such claims against an insurance carrier should be tried separately from contractual claims, and asking that discovery in the extra-contractual claims be abated pending resolution of the contractual claims. The record does not reflect that the Freedmans filed a response or objections to the motion to sever and abate, which the trial court granted. Cigna and ICNA moved for summary judgment, and the trial court rendered summary judgment against the Freedmans.

In one point of error, the Freedmans claim the trial court erred in rendering summary judgment.

## Analysis

We follow the usual standard of review, affirming a summary judgment granted in favor of a defendant if the defendant established as a matter of law all elements of an affirmative defense. *Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995); *Bangert v. Baylor College of Medicine*, 881 S.W.2d 564, 566 (Tex.App.—Houston [1st Dist.] 1994, writ denied). We will indulge all inferences in favor of the plaintiffs, resolve any doubts in their favor, and take all evidence favorable to them as true. *Johnson*, 891 S.W.2d at 644; *Bangert*, 881 S.W.2d at 565–66.

Cigna and ICNA moved for summary judgment on three grounds: (1) they had no duty to defend the Freedmans because the Marxes sued the Freedmans for an event that was not an "occurrence" under the insurance policies; (2) the event for which the Marxes' sued happened outside the Freedmans' ICNA policy period; and (3) the Cigna policy provided coverage for another residence of the Freedmans', not the house sold to the Marxes. As summary judgment evidence, Cigna and ICNA attached the Marx-

---

* The Honorable Jackson B. Smith, Jr., retired justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

1. Tex. Bus. & Com.Code §17.41 (1998).

2. Tex. Ins.Code §§21.21, 21.21–2 (1998).

es' pleadings against the Freedmans and the insurance policies.

The Freedmans responded arguing (1) the Marxes' suit alleged an occurrence under the policies, because the collapse of the roof was the occurrence; (2) there was a fact question whether the property damage and personal injury happened during the policy periods; and (3) the Cigna policy covered injury arising out of a premise other than the one named in the policy.

We address only the first issue, which resolves the other two questions.

*1. Was the collapse of the roof in 1992 an "occurrence"?*

■■■ To invoke coverage under the Cigna or INCA policies, the Freedmans must have been sued by the Marxes as a result of an "occurrence" covered by the policies. An "occurrence" under the insurance policies is defined as an accident, including exposure to conditions, resulting in bodily injury or property damage during the policy period. An accident is commonly defined as an unexpected happening without intention or design. *Allen v. Automobile Ins. Co.*, 892 S.W.2d 198, 199 (Tex.App.—Houston [14th Dist.] 1994, no writ); BLACK'S LAW DICTIONARY 1080 (6th ed.1990); *see also Argonaut Sw. Ins. Co. v. Maupin*, 500 S.W.2d 633, 635 (Tex.1973) (a voluntary and intentional act does not constitute an accident). As a matter of law, fraudulent promises, misrepresentations, and untrue statements do not fall within the plain meaning of the definition of an occurrence. *Houston Petroleum Co. v. Highlands Ins. Co.*, 830 S.W.2d 153, 156 (Tex.App.—Houston [1st Dist.] 1990, writ denied); *see also State Farm Lloyds v. Kessler*, 932 S.W.2d 732, 738 (Tex.App.—Fort Worth 1996, writ denied) (misrepresentations and failures to disclose are intentional acts, not accidents).

The occurrence for which the Marxes sued the Freedmans was not the roof's collapse, but rather, the Freedmans' misrepresentations about the condition of the roof. The Marxes' pleadings alleged the Freedmans specifically represented, orally and in writing, that the roof was seven years old and had needed no repairs. The Marxes alleged the roof was repaired at least 18 times in the seven years preceding the Freedmans' sale

of the house to the Marxes, 12 times in the preceding four years, and three times while the property was listed for sale. They alleged the Freedmans took affirmative steps to conceal the roof defect, painting water spots on walls and ceilings, replacing damaged carpet, and destroying records of the roof repairs. In their petition in their suit against Cigna and ICNA, the Freedmans stated the roof was replaced in 1981, nine years before the house was sold, and that "minor" work had been done on the roof. They admitted they did not disclose the work done on the roof, believing it was mere maintenance and not repair work.

The Freedmans' failure to make disclosures about the roof was the basis of the Marxes' lawsuit. On the face of the Marxes' pleadings, the event for which the Freedmans sought coverage was an intentional act, and not an "accident." The Freedmans sought coverage for their statements to the Marxes, not for the roof's collapse. The insurers did not owe the Freedmans a duty to defend them from suits arising out of their misrepresentations. The trial court properly rendered summary judgment in favor of ICNA and Cigna.

*2. Does plea of negligence give rise to duty to defend?*

■ The Freedmans claim Cigna and ICNA owed a duty to defend because the Marxes claimed in their fourth amended petition that, as an alternative to fraud, the Freedmans were negligent in not disclosing the condition of the roof.

■■ In evaluating the insurer's duty to defend, we look at the facts alleged in the petition, and if facts exclude the possibility of liability coverage, the insurer has no duty to defend. *National Union Fire Ins. Co. v. Merchants Fast Motor Lines, Inc.*, 939 S.W.2d 139, 141 (Tex.1997); *J.E.M. v. Fidelity & Cas. Co.*, 928 S.W.2d 668, 675 (Tex. App.—Houston [1st Dist.] 1996, no writ). The label that the plaintiff puts on the cause of action is not controlling; it is the allegation of the facts which give that control. *National Union*, 939 S.W.2d at 142; *see, e.g., J.E.M.*, 928 S.W.2d at 671, 675 (even though plaintiff alleged a cause of action for negli-

gence, the facts alleged a sexual assault, an intentional injury, which was not covered by the policy); *Burlington Ins. Co. v. Mexican Am. Unity Council, Inc.*, 905 S.W.2d 359, 361 (Tex.App.—San Antonio 1995, no writ) (even though plaintiff alleged a cause of action for negligence, the facts alleged an assault, which was not covered by the policy); *Adamo v. State Farm Lloyds Co.*, 853 S.W.2d 673, 676 (Tex.App.—Houston [14th Dist.] 1993, writ denied) (because plaintiff's petition alleged suit against lawyer and his wife for advice, the insurer who issued their homeowner policy did not have a duty to defend).

■ The Marxes alleged the Freedmans intentionally omitted any mention of the roof's problems in their oral and written representations. The Marxes claimed the Freedmans destroyed records of roof repair, and fixed the water damage to conceal any evidence of problems. The Marxes alleged intentional acts by the Freedmans. Even though the Marxes added negligence as an alternative claim, the mere allegation of negligence does not control the issue of duty to defend. The facts alleged by the Marxes control, and the facts do not give rise to a duty to defend.

### 3. The extra-contractual claims

The Freedmans argue the trial court erred in disposing of all their claims because the motion for summary judgment did not address the extra-contractual claims. The Freedmans' extra-contractual disputes against the insurers arose out of the insurers' refusal to defend the Freedmans against the Marxes. Because the insurers did not wrongfully refuse to defend the Freedmans, the extra-contractual claims must fail. The trial court properly rendered summary judgment as to all of the Freedmans' claims.

Because of our resolution of the Freedmans' claim that an "occurrence" under the policies was not alleged by the Marxes, we need not consider the arguments that the occurrence happened during a policy period and was covered by the Cigna policy for another location.

### 4. Other claims of error

■ The Freedmans claim the trial court erred in denying their motion to compel responses to their interrogatories and request for production and in severing the Freedmans' contract claims from their extra-contractual claims.

The Freedmans prosecuted this appeal with only one point of error, challenging the propriety of the summary judgment. Under *Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex.1970), the Freedmans could challenge all the errors relating to the granting of the summary judgment with that one point. *Id.* (*Malooly* point allows argument as to all reasons summary judgment should have been denied). However, the Freedmans cannot challenge other rulings of the trial court under their *Malooly* point. The Freedmans waived any error not related to the summary judgment by not challenging it with a point of error. *Texas Co. v. State*, 154 Tex. 494, 281 S.W.2d 83, 90 (1955); *City of Deer Park v. State*, 154 Tex. 174, 275 S.W.2d 77, 85 (1955) (op. on reh'g); *Hartsough v. Steinberg*, 737 S.W.2d 408, 410 (Tex.App.—Dallas 1987, writ denied).

### Conclusion

The Marxes did not sue the Freedmans for the collapse of the roof. They sued for misrepresentations regarding the condition of the roof. The Marxes alleged the Freedmans knew and failed to disclose that the roof had needed extensive repairs. We hold the factual allegations made by the Marxes against the Freedmans did not allege an "occurrence" under the Cigna and ICNA policies.

We overrule point of error one.

We affirm the trial court's judgment.