Blanca ENRIQUEZ, Appellant,

v.

Maria KHOURI, Rosa Bocanegra, Isidro Frayre, Ruth Garcia, Rebecca Gardea, Kim Hernandez, Norma B. Mendoza, Guadalupe Morelos, Jaime Parra, Isidra Perez, Sal Urias, and Isabel Valdez, Appellees.

No. 08–99–00166–CV.

Court of Appeals of Texas, El Paso.

Feb. 10, 2000.

Steven L. Hughes, Barbara Wiederstein, Mounce, Green, Myers, Safi & Galatzan, El Paso, for Appellant.

Steve Spurgin, Marfa, for Appellees.

Before Panel No. 1 LARSEN, McCLURE, and CHEW, JJ.

## OPINION

SUSAN LARSEN, Justice.

In this defamation case, Blanca Enriquez appeals from the trial court's denial of her summary judgment motion urging she was entitled to immunity under the Texas Education Code. We reverse and render.

## FACTS

On August 14, 1998, about fifty people, including the plaintiffs here, were terminated from their jobs as family service workers at the Region 19 Education Service Center—Head Start Program. That same day Blanca Enriquez, Director of Head Start, gave an interview to KDBC Television, the CBS affiliate for the El Paso region. In the story KDBC aired following the interview, the reporter quoted Enriquez as saying that plaintiffs and other employees were terminated "because they 'lacked the proper skills and training'" and because they "were responsible for poor performance of delivering services to Head Start recipients." The plaintiffs filed suit alleging defamation.

In her answer to the lawsuit, Enriquez asserted the affirmative defense of absolute immunity pursuant to Sections 8.006 and 22.051 of the Texas Education Code, and urged qualified privilege because the appellees were public officials and her statements were made without actual malice and were true. Enriquez then filed her motion for summary judgment asserting the same affirmative defenses. The trial court entered its order denying Enriquez's summary judgment motion. It is from this order that Enriquez now appeals.

## JURISDICTION

The first question before us is whether this court has jurisdiction to review this appeal. Although the appellees "grudgingly admit" that this court has jurisdiction over this appeal pursuant to Section 51.014(a)(5) of the Texas Civil Practice and Remedies Code, they assert that there is some authority to the contrary.

■ The general rule is that a denial of a summary judgment is not reviewable on appeal because it is not a final judgment.[1] There are, however, several recognized exceptions.[2] Section 51.014(a)(5) of the Texas Civil Practice and Remedies Code states that "[a] person may appeal from an interlocutory order ... that ... denies a motion for summary judgment that is based on an assertion of immunity by an individual who is an officer or employee of the state or a political subdivision of the state...."[3]

■ Plaintiffs assert that despite the language of this section, the order denying Enriquez's motion for summary judgment does not state upon what ground it was based, and therefore the order denying summary judgment may not fall within the parameters of Section 51.014(a)(5) and is not appealable. We find, however, that the only issue before us is the denial of Enriquez's statutory immunity claim, and we find this court has jurisdiction to address that ground on appeal.[4]

## STANDARD OF REVIEW

A defendant moving for summary judgment on an affirmative defense is entitled to summary judgment if he or she conclusively proves all essential elements of that defense as a matter of law.[5] We indulge all inferences in favor of the plaintiffs, resolve any doubts in their favor, and take

1. *Cincinnati Life Ins. v. Cates,* 927 S.W.2d 623, 625 (Tex.1996).

2. *City of Columbus v. Barnstone,* 921 S.W.2d 268, 271 (Tex.App.—Houston [1st Dist.] 1995, no writ).

3. TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(5) (Vernon 1997 & Supp.2000).

4. *See Fowler v. Szostek,* 905 S.W.2d 336, 340 (Tex.App.—Houston [1st Dist.] 1995, no writ) (noting in case involving denial of summary judgment that despite defendant's summary judgment motion asserting (1) immunity under former TEX. EDUC.CODE ANN. § 21.912(b), now codified as TEX. EDUC.CODE ANN. § 22.051, and (2) official immunity doctrine, because immunity issue under Section 21.912(b) was only ground for summary judgment on which defendant sought appellate review, court reviewed only that issue pursuant to TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(5)).

5. *Freedman v. Cigna Ins. Co.,* 976 S.W.2d 776, 777 (Tex.App.—Houston [1st Dist.] 1998, no pet.).

all evidence favorable to them as true.[6] If the defendant establishes that the asserted affirmative defense bars the action, the nonmovant must then adduce summary judgment proof raising a fact issue in avoidance of the affirmative defense.[7]

### Immunity under the Texas Education Code

Texas Education Code Section 22.051 provides immunity for professional employees of school districts, stating that:

(a) A professional employee of a school district is not personally liable for any act that is incident to or within the scope of the duties of the employee's position of employment and that involves the exercise of judgment or discretion on the part of the employee....

. . .

(c) In this section, 'professional employee' includes: ·

(1) a superintendent, principal, teacher, supervisor, social worker, counselor, nurse, and teacher's aide; [and]

. . .

(4) any other person whose employment requires certification and the exercise of discretion.[8]

Texas Education Code Section 8.006 states that "[a]n employee or volunteer of a regional education service center is immune from liability to the same extent as an employee or volunteer of a school district."[9]

Thus, Enriquez is entitled to summary judgment if she conclusively proved all essential elements of Section 22.051(a) as a matter of law: (1) that she was a professional employee (which plaintiffs do not dispute); (2) that her actions were incident to or within the scope of her duties; and (3) that her duties involved the exercise of judgment or discretion on her part. Plaintiffs contend that Enriquez's summary judgment proof is insufficient to establish summary judgment as a matter of law because (1) her alleged defamation of the appellees was not within the scope of her duties, (2) her conduct was ministerial and not discretionary, and (3) "good faith" is (or ought to be) an element of immunity under Section 22.051, and Enriquez's summary judgment evidence does not establish good faith as a matter of law.

### Scope of job duties

■ Initially, Enriquez asserts that the statutory standard for immunity under the Education Code is broader than the common law standard because under the common law, defendants must establish that their acts were "within the scope of their authority,"[10] while the statutory provision requires only that the act be *"incident to or within the scope"* of the employee's duties of their position of employment.[11]

Enriquez's summary judgment evidence consisted of her affidavit and that of her supervisor, James R. Vasquez. Both affidavits state that Vasquez instructed Enriquez to respond to the media's inquiries and to use her best judgment in making those responses. Specifically, Enriquez's affidavit states in pertinent part:

I contacted Mr. James R. Vasquez, the Executive Director of Region 19 Education Service Center and my immediate supervisor, about these requests from

---

6. *Id.*

7. *See Wright v. Greenberg,* 2 S.W.3d 666, 676 (Tex.App.—Houston [14th Dist.] 1999, pet. filed) (citing standard of review on affirmative defense of statute of limitations in *KPMG Peat Marwick v. HCH,* 988 S.W.2d 746, 748 (Tex. 1999)).

8. TEX. EDUC.CODE ANN. § 22.051 (Vernon 1996).

9. TEX. EDUC.CODE ANN. § 8.006 (Vernon Supp. 2000).

10. *See City of Lancaster v. Chambers,* 883 S.W.2d 650, 653 (Tex.1994).

11. *See* TEX. EDUC.CODE ANN. § 22.051(a) (Vernon 1996) (Emphasis added).

the media and he instructed me to respond to the media's questions on behalf of Region 19 Education Service Center. I have responded to inquiries from the media regarding the Head Start Program on other occasions and responding to media inquiries is part of my duties in handling public relations for the Head Start Program.

In accordance with Mr. Vasquez' instructions and in my capacity as the director of the Head Start Program and incident to and within the scope of my employment, I gave interviews ... to television reporters....

Likewise, Vasquez's affidavit states:

[Enriquez] informed me that she had been contacted by several representatives of the media requesting interviews regarding changes to the Head Start Program.... She asked whether I wanted to respond directly to the press regarding these issues in my capacity as Executive Director of Region 19. I felt that Ms. Enriquez was very capable of responding to the media's inquiries and to any questions relating to the changes in the Head Start Program and that such responses to the media fell within the scope of her responsibilities as director of that program. I therefore instructed her to respond to the media's questions relating to ... the elimination of the Family Service Worker positions.

This evidence is uncontroverted. Enriquez's summary judgment evidence conclusively proves speaking to the press was incident to and within the scope of her duties.

## Ministerial or discretionary act

Enriquez also contends that her actions were not ministerial. Ministerial acts are generally based on an application of formal rules or regulations that provide clear guidelines. Here, she urges, there were no such guidelines on how to handle press inquiries. Because what she said was left up to her individual judgment and discretion, Enriquez asserts that she conclusively established the third element of Section 22.051 as a matter of law. We agree.

Ministerial acts are those " '[w]here the law prescribes and defines the duties to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment.' " [12] Ministerial actions require obedience to orders or the performance of a duty as to which the actor has no choice. [13] On the other hand, if an action involves personal deliberation, decision, and judgment, it is discretionary. [14] The distinction between the two, however, is often one of degree because any official act that is ministerial still requires the actor to use some discretion in his or her performance. [15] Thus, we must determine the character of the discretion exercised. [16]

Enriquez relies primarily on *Downing v. Brown.* [17] In that case, the Texas Supreme Court addressed whether a teacher's maintenance of classroom discipline in accordance with a school district's policy's Discipline Management Plan was ministerial or discretionary. [18] In finding that the teacher possessed immunity, the Court stated that the focus should be on whether maintaining classroom discipline was a discretionary function. [19] The Plan did not define

12. *Downing v. Brown,* 935 S.W.2d 112, 114 (Tex.1996).

13. *Id.*

14. *Id.*

15. *City of Wichita Falls v. Norman,* 963 S.W.2d 211, 215 (Tex.App.—Fort Worth 1998, pet. dism'd w.o.j.).

16. *Kassen v. Hatley,* 887 S.W.2d 4, 11 (Tex. 1994).

17. 935 S.W.2d 112 (Tex.1996).

18. *Id.* at 114.

19. *Id.*

the teacher's responsibilities with such precision to leave nothing to the exercise of the teacher's discretion or judgment.[20] For example, the Plan did not inform her of what types of discipline to use, what forms of student misconduct should result in disciplinary sanctions, or when or where to discipline the students.[21] The Court reasoned that each of these decisions, which Texas schools routinely leave to its teachers, required the use of professional judgment and discretion.[22] Thus, the teacher established the discretionary element of Section 22.051.

Similarly, Enriquez's uncontroverted evidence established that although she was to respond to the press inquiry as part of her job, because she was provided with no rules or guidelines on the content of her statements, what she said was left to her individual judgment and discretion.[23] Clearly, the act of choosing what to say to a reporter was not a duty to be performed with such precision and certainty as to leave nothing to the exercise of her discretion or judgment. Enriquez's message to the press involved personal deliberation, decision, and judgment. Indeed, Vasquez's affidavit testimony expressly stated that it was his "intent and expectation that Ms. Enriquez would use ... her professional judgment and discretion in formulating her statements to the media...."

Plaintiffs, in response, attack the sufficiency of Enriquez's summary judgment proof. They rely on the recent case of *Foster v. Estrada*,[24] in which our sister court, in interpreting this discretionary element of Section 22.051, determined that the school principal's and coach's summary judgment proof did not conclusively prove the discretionary element because their affidavits were merely conclusory, self-serving statements.[25]

In contrast to that case, Enriquez's affidavit sets out how and why her actions were discretionary:

> *Since I had no transcript or prepared statement,* during the interview which I gave to the reporter for KDBC–TV on August 14, 1998, I used my discretion and professional judgment in formulating my responses to the reporter's questions.... (Emphasis added).

We find Enriquez conclusively proved that the character of her actions in formulating her responses was discretionary, not ministerial. Because Enriquez conclusively proved the third element of Section 22.051, the burden then shifted to the appellees to raise a fact question to negate this element.

The appellees assert that they have raised a fact question about whether her actions were ministerial based on Enriquez's affidavit, in which she expressly stated:

> I contacted Mr. James R. Vasquez, the Executive Director of Region 19 Education Service Center and my immediate supervisor, about these requests from

**20.** *Id.*

**21.** *Id.*

**22.** *Id.*

**23.** *See Nuchia v. Woodruff*, 956 S.W.2d 612, 619–20 (Tex.App.—Houston [14th Dist.] 1997, pet. denied) (holding that chief of police was entitled to immunity for demoting police officer pending appeal of hearing officer's decision to contrary because, although statute made hearing officer's decision final and binding, statute nowhere addressed enforceability of decision pending appeal; thus, chief of police's action was discretionary); *Cortez v.* *Weatherford Indep. Sch. Dist.*, 925 S.W.2d 144, 148 (Tex.App.—Fort Worth 1996, no writ) (concluding that school bus driver was entitled to immunity because although State Board of Education's bus driver's guide required bus driver to assume responsibility for safety of students exiting bus when parents or adult crossing guard were not present, guide did not specify how driver was to unload students, leaving that issue to bus driver's discretion).

**24.** 974 S.W.2d 751 (Tex.App.—San Antonio 1998, pet. filed).

**25.** *Foster*, 974 S.W.2d at 753.

the media and *he instructed me to respond* to the media's questions....

*In accordance with Mr. Vasquez' instructions* and in my capacity as the director of the Head Start Program and incident to and within the scope of my employment, I gave interviews.... (Emphasis added).

In light of *Downing's* mandate that we broadly interpret discretionary acts, we disagree that this summary judgment evidence raises a fact question on discretion. To focus solely on Vasquez's instruction to Enriquez that she respond to media inquiries would too narrowly analyze discretion; the focus should rather be upon the contents of her statements and her exercise of judgment in making them. Thus, we conclude that Enriquez conclusively proved the third element of Section 22.051.

**No good faith element to Section 22.051**

 Finally, plaintiffs argue that "good faith" is an element of the immunity defense under the Education Code. A plain reading of the statute discloses no such element, nor does a review of the authority interpreting it.

Plaintiffs cite two cases in support of their contention that a good faith element should be read into Section 22.051: *City of Lancaster v. Chambers*,[26] and a U.S. District Court case, *Carey v. Aldine Indep. Sch. Dist.*[27] *Chambers*, of course, deals with official immunity under the common law, not statutory immunity under the Education Code. It is not on point. *Carey* does concern immunity under the Education Code, but it wrongly cites *Chambers* as authority for its statement that good faith is an element of the statutory defense.[28] *Carey* is not binding upon this court, and we find that it misstates Texas law on this issue. Good faith, or lack thereof, is nowhere to be found in the immunity statute before us here.

---

**26.** 883 S.W.2d 650 (Tex.1994).

**27.** 996 F.Supp. 641, 656 (S.D.Tex.1998).

For these reasons, we find that Blanca Enriquez was entitled to summary judgment on her claim of immunity under the Texas Education Code. We sustain her single issue on appeal.

### *CONCLUSION*

We reverse the judgment of the trial court and render judgment for defendant Blanca Enriquez.