NO.
12-07-00219-CV

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

 

RONALD
SHARP AND DEBBIE SHARP,           §                      APPEAL FROM THE 294TH

APPELLANTS

 

V.        §                      JUDICIAL
DISTRICT COURT OF

 

REX SMITH AND NANCY SMITH,

APPELLEES §                      VAN ZANDT COUNTY, TEXAS

                                                                                                                                                          


MEMORANDUM
OPINION

            Appellants
Ronald and Debbie Sharp appeal the trial court’s final judgment.  On appeal, the Sharps present five
issues.  We reverse and remand.

 

Background








            On October 6, 2003, Ronald and
Debbie Sharp agreed to purchase a tract of land from Rex Smith for $11,900
under an executory contract of sale, also known as a contract for deed.  The tract of land was located in a subdivision
in Van Zandt County, Texas.  On May 3,
2005, the Sharps filed suit against Rex Smith and his wife, Nancy, alleging
that the Smiths failed to provide them with an annual accounting statement for
2003 or 2004 in violation of Section 5.077(a) of the Texas Property Code.  Further, the Sharps alleged that the Smiths
failed to deliver certain disclosures and statements regarding the tract of
land prior to and at the time of sale according to Section 5.069 of the Texas
Property Code.  In their amended petition,
the Sharps stated that the Smiths were liable for liquidated damages of $250 a
day for each violation of Section 5.077(a). 
Because the amount of liquidated damages exceeded the balance owed by
the Sharps under the contract for deed, the Sharps also requested specific
performance, i.e., that the Smiths be ordered to convey to them the tract of
land by general warranty deed.  In the
alternative and should they not be entitled to specific performance, the Sharps
alleged that, in addition to liquidated damages, they were entitled to rescission
of the contract for deed and return of all money paid to the Smiths according
to Section 5.069.  The Sharps also
requested reasonable and necessary attorney’s fees. 

            The Smiths filed a general denial
and also denied that Nancy Smith was liable in the capacity in which she was
sued.  Rex Smith filed a
counterclaim.  Although Rex Smith
specifically denied the allegations made by the Sharps, he agreed that the
contract for deed should be rescinded by mutual consent as sought in the Sharps’
original petition.  Rex Smith tendered
the funds paid by the Sharps under the contract for deed into the registry of
the court.  Further, the Smiths filed a
motion for partial summary judgment, stating that because both parties
requested rescission, a summary judgment granting rescission was
appropriate.  The Sharps responded that
the Smiths’ motion for partial summary judgment was wholly deficient because
they presented no summary judgment evidence. 
Further, the Sharps stated that they never offered nor did they then offer
to compromise and settle their claims against the Smiths for rescission and
return of the money they had paid under the contract for deed. 

            On July 19, 2005, the trial court
granted the Smiths’ motion for partial summary judgment. The trial court found
that the Sharps sought rescission of the contract for deed and a full refund of
all payments made to the Smiths for their failure to provide the information
required under Section 5.069 of the Texas Property Code.  Further, the trial court found that the Smiths
admitted failing to provide the required information, agreed to rescission of
the contract for deed, and tendered money into the registry of the court.  Although the trial court found that the
Sharps requested specific performance, it found no provision for specific
performance for violations of Section 5.069. 
Thus, the trial court ordered that the contract for deed be cancelled
and rescinded and that the Sharps be fully refunded the payments they had made.


            Later, the Smiths filed a motion for
final summary judgment based on no evidence and stated that there was no
evidence that Nancy Smith signed any written agreement concerning the
Sharps.  In their response, the Sharps
alleged that the Smiths were joint owners of the subdivision where the tract of
land was located and had engaged in transfers of land in the subdivision in
which both of them were named as grantors. 
In an affidavit attached to the response, the Sharps’ attorney stated
that, in his capacity as attorney, he obtained a “title run regarding the Tall
Oaks Estates” and that the property comprising the subdivision in which the
tract of land was located was deeded to Rex Smith and wife, Nancy Smith.  He also stated that the Smiths jointly filed
plats regarding the subdivision.  The “title
run” was attached to the Sharps’ response. 
On March 19, 2006, the trial court granted Nancy Smith’s motion for a
final no evidence summary judgment because she did not sign any agreement with
the Sharps. 

            On December 8, 2006, the trial court
conducted a bench trial.  During the
trial, the Sharps asked Rex Smith if he delivered the disclosures required by
Section 5.069 of the Texas Property Code to them.  The Smiths’ attorney objected that the trial
court already ruled that the contract for deed was rescinded and, thus, such
testimony was irrelevant.  The Sharps’
attorney responded that they had sought damages as well as rescission and
wanted to present all of the evidence necessary to support their claim for
rescission along with their claims for damages under Section 5.077.  After a lengthy discussion, the trial court
sustained the objection, stating that it had already ruled on the cause of
action under Section 5.069 and on rescission of the contract.  Thus, the trial court denied any additional
damages under Section 5.069. Later, Rex Smith admitted that he did not send any
accountings to the Sharps required by Section 5.077 from the execution of the
contract for deed until April 12, 2005.

            On April 2, 2007, the trial court
signed a final judgment incorporating both its summary judgments.  Further, the trial court again ordered that
the contract for deed be deemed rescinded, that the money paid by the Sharps
and deposited into the registry of the court be awarded to them, that Rex Smith
be awarded ownership and possession of the tract of land, and that the Sharps
remove their mobile home from the tract of land.  After a timely request from the Sharps, the
trial court filed findings of fact and conclusions of law. This appeal
followed.

 

Rescission of Contract for Deed

            In their second issue, the Sharps
argue that the trial court erred in granting the Smiths’ motion for partial
summary judgment according to Section 5.069 of the Texas Property Code and
granting  rescission to the Smiths based
on the Smiths’ wrongful conduct.  More
specifically, the Sharps contend that the trial court misinterpreted their
request for specific performance, and that the Smiths failed to meet their
burden of proof on their motion for partial summary judgment.

Standard
of Review

            In reviewing a traditional motion
for summary judgment,[1] we apply the standards established in
Nixon v. Mr. Property Management Company, 690 S.W.2d 546, 548-49
(Tex. 1985), which are (1) the movant for summary judgment has the burden of
showing that there is no genuine issue of material fact and that it is entitled
to judgment as a matter of law; (2) in deciding whether there is a disputed
material fact issue precluding summary judgment, evidence favorable to the
nonmovant will be taken as true; and (3) every reasonable inference must be
indulged in favor of the nonmovant and any doubts resolved in its favor.  See id. at 548-49.  A movant must either negate at least one
essential element of the nonmovant's cause of action, or prove all essential
elements of an affirmative defense.  See
Randall's Food Markets, Inc. v. Johnson, 891 S.W.2d 640, 644
(Tex. 1995); see also MMP, Ltd. v. Jones, 710 S.W.2d 59, 60 (Tex.
1986).  Since the burden of proof is on
the movant, and all doubts about the existence of a genuine issue of material
fact are resolved against the movant, we must view the evidence and its
reasonable inferences in the light most favorable to the nonmovant.  See Great Am. Reserve Ins. Co.
v. San Antonio Plumbing Supply Co., 391 S.W.2d 41, 47 (Tex. 1965).  A movant asserting an affirmative defense is
entitled to summary judgment if he or she conclusively proves all essential
elements of that defense as a matter of law. 
Enriquez v. Khouri, 13 S.W.3d 458, 460 (Tex. App.–El Paso
2000, no pet.); Freedman v. Cigna Ins. Co. of Tex., 976 S.W.2d
776, 777 (Tex. App.–Houston [1st Dist.] 1998, no pet.).

Applicable
Law

            Section 5.069 of the Texas Property
Code states that before an executory contract is signed by the purchaser, the
seller must provide the purchaser with (1) a survey, which was completed within
the past year, or a plat of a current survey of the real property; (2) a
legible copy of any document that describes an encumbrance or other claim,
including a restrictive covenant or easement, that affects title to the real
property; and (3) a written notice, which must be attached to the contract,
informing the purchaser of the condition of the property that must, at a
minimum, be executed by the seller and purchaser and read substantially similar
to the disclosure notice provided in the statute.  Tex.
Prop. Code Ann. § 5.069(a) (Vernon 2004).  The seller’s failure to provide information
required by Section 5.069 entitles the purchaser to cancel and rescind the
executory contract and receive a full refund of all payments made to the
seller.  Id. § 5.069(d)(2)
(Vernon 2004). 

            If a party’s remedies or defenses
are inconsistent, to hold that a party has made a binding choice between them
would be to invoke the doctrine of election of remedies.  See Deal v. Madison, 576 S.W.2d
409, 421 (Tex. Civ. App.–Dallas 1978, writ ref’d n.r.e.), overruled on other
grounds, Cypress Creek Util. Svc. Co., Inc. v. Muller, 640 S.W.2d
860, 866 (Tex. 1982).  Election of
remedies is an affirmative defense. France v. Am. Indem. Co., 648
S.W.2d 283, 285 (Tex. 1983).  As an
affirmative defense, the election of remedies doctrine may constitute a bar to
relief when (1) one successfully exercises an informed choice (2) between two
or more remedies, rights, or states of facts (3) that are so inconsistent as to
(4) constitute manifest injustice.  Bocanegra v. Aetna Life Ins. Co., 605
S.W.2d 848, 851 (Tex. 1980).  Pursuing
inconsistent remedies, without more, is not enough to invoke application of the
doctrine of election. Deal, 576 S.W.2d at 421.  Normally, a party need not elect between his
theories of recovery until after the verdict. Id.  Moreover, a party does not lose a remedy
by electing to pursue another unless it appears that he acted voluntarily,
intentionally, and with the knowledge essential to the exercise of an
intelligent choice.  Zimmerman v.
First Am. Title Ins. Co., 790 S.W.2d 690, 697 (Tex. App.–Tyler 1990,
writ denied). 

Analysis

            In their amended petition, the
Sharps pleaded for liquidated damages and specific performance for the Smiths’
violation of Section 5.077(a) and, in the alternative, rescission of the
contract for deed for the Smiths’ violation of Section 5.069.  In their motion for partial summary judgment,
the Smiths stated that “both parties” requested the remedy of rescission and,
thus, summary judgment was appropriate. 
We interpret this as a motion for partial summary judgment on the issue
of election of remedies.  To show
themselves entitled to partial summary judgment, the Smiths must have
established all four elements of the election of remedies doctrine.  See Tex. Dev. Co. v. Exxon Mobil Corp.,
119 S.W.3d 875, 885 (Tex. App.–Eastland 2003, no pet.).  Merely stating that both parties requested
rescission does not conclusively prove all of the elements of the affirmative
defense as a matter of law.  See id.  The Smiths did not present any evidence
showing that the Sharps made an informed choice, voluntarily and intentionally,
between two or more remedies and that those remedies were so inconsistent as to
constitute manifest injustice.  See  Bocanegro,
605 S.W.2d at 851; Zimmerman, 790 S.W.2d at 697.[2]  Thus, the Smiths failed to establish any of
the elements of their affirmative defense. 
See Tex. Dev. Co., 119 S.W.3d at 885.  Because the Smiths failed to show that they
were entitled to judgment as a matter of law, we conclude that they failed to
meet their burden of proof on the motion for partial summary judgment.  See Nixon, 690 S.W.2d at
548-49.

            Having concluded that the Smiths’
failed to meet their burden of proof on the motion for partial summary
judgment, we sustain the Sharps’ second issue. Because the Sharps’ second issue
is dispositive, we need not consider their first, fourth, or fifth issues.

 

Summary Judgment for Nancy Smith

            In their third issue, the Sharps
argue that the trial court erred in granting Nancy Smith’s motion for final no
evidence summary judgment.  More
specifically, they contend that the trial court erred by basing its decision
solely on the fact that Nancy Smith did not sign the contract for deed. 

Standard
of Review

            In a no evidence summary judgment, a
party is entitled to summary judgment if there is no evidence of one or more
essential elements of a claim or defense on which an adverse party would have
the burden of proof at trial.  Tex. R. Civ. P. 166a(i).  If the nonmovant presents more than a
scintilla of evidence supporting the disputed issue, summary judgment for the
movant is improper. King Ranch, Inc. v. Chapman, 118 S.W.3d 742,
751 (Tex. 2003).  More than a scintilla
of evidence exists if it would allow reasonable and fair minded people to
differ in their conclusions.  Id.

Applicable
Law and Analysis

            Community property consists of the
property, other than separate property, acquired by either spouse during
marriage.  Tex. Fam. Code Ann. § 3.002 (Vernon 2006).  Community property is subject to the joint
management, control, and disposition of the spouses unless the spouses provide
otherwise by power of attorney in writing or other agreement.  Tex.
Fam. Code Ann. § 3.102(c) (Vernon 2006). Rule 39 of the Texas Rules of
Civil Procedure states that a person who is subject to service of process shall
be joined as a party in an action if in her absence complete relief cannot be
accorded among those already parties. Tex.
R. Civ. P. 39(a).  Rule 39 focuses
not so much upon whether the court has jurisdiction, but upon whether the court
ought to proceed with the parties before it. Sabre Oil & Gas Corp. v.
Gibson, 72 S.W.3d 812, 816 (Tex. App.–Eastland 2002, pet. denied).

            In their motion for final no
evidence summary judgment, the Smiths alleged that Nancy Smith should not be a
party to this suit because she did not sign the contract for deed.  In their response, the Sharps alleged that
the Smiths were joint owners of the subdivision where the tract of land was
located and that they had engaged in transfers of land in the subdivision in
which both Smiths were named as grantors. 
Further, the Sharps produced a “title run” showing that the property
comprising the subdivision in which the tract of land was located was deeded to
Rex Smith and his wife, Nancy Smith, and that they had jointly filed plats
regarding the subdivision.  Because the
property was acquired during the Smiths’ marriage, the property comprising the
subdivision in which the subject tract of land was located is presumed to be
community property.  See Tex. Fam. Code Ann. § 3.002.  Therefore, without a power of attorney or
other agreement providing to the contrary, the property is subject to the joint
management of the Smiths.  See Tex. Fam. Code Ann. § 3.102(c). 

            One of the Sharps’ requested
remedies included specific performance, i.e., that the Smiths be ordered to
convey to them the tract of land by general warranty deed.  If the tract of land is the Smiths’ community
property and under their joint management, Rex Smith, acting alone, cannot
convey the entire marital property interest or, more particularly, Nancy Smith’s
interest.  See In re Marriage of
Morrison, 913 S.W.2d 689, 692 (Tex. App.–Texarkana 1995, writ denied).
In other words, the Smiths must be joined in a warranty deed to convey the
entire property.  See Jean
v. Tyson-Jean, 118 S.W.3d 1, 5 (Tex. App.– Houston [14th Dist.] 2003,
pet. denied).   Thus, Nancy Smith is a
necessary party to the suit in order to accord the Sharps complete relief.  See Tex.
R. Civ. P. 39(a); Juarez v. Hamner, 674 S.W.2d 856, 860
(Tex. App.–Tyler 1984, no writ).

            Because the Sharps presented more
than a scintilla of evidence supporting the fact that Nancy Smith was a
necessary party to the suit, we conclude that summary judgment for Nancy Smith
was improper and that the trial court erred in granting her motion for final no
evidence summary judgment. Having concluded that the trial court’s order was
improper, we sustain the Sharps’ third issue.

 

Conclusion

            Based upon our review of the record,
we conclude that, as a matter of law, the Smiths did not show that they were
entitled to partial summary judgment granting rescission or that Nancy Smith
was entitled to a no evidence summary judgment. Having sustained the Sharps’
second and third issues, we reverse the trial court’s final
judgment dated April 2, 2007 and remand the matter for further
proceedings consistent with this opinion.

 

 

                                                                                                     JAMES T. WORTHEN    

                                                                                                                 Chief Justice

Opinion delivered January 31,
2008.

Panel consisted of Worthen,
C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)











[1] See Tex. R. Civ. P. 166a(c).





[2] In their response to the motion for partial summary judgment, the
Sharps contended that they never offered to compromise and settle their claims
for rescission and return of the money that they paid.  In fact, they reiterated their claims for
damages for the Smiths’ violations of Sections 5.069 and 5.077 of the Texas
Property Code.