COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

GARY GONZALEZ/IONE GRIMM, §

     Appellant/Cross-Appellee, §

v. §

IONE GRIMM/GARY GONZALEZ, §

     Appellee/Cross-Appellant. §

§

No. 08-10-00140-CV

Appeal from the

171st District Court

of El Paso County, Texas

(TC# 2008-3874)

## O P I N I O N

These appeals arise from the trial court's grant of Appellee and Cross-Appellant Ione Grimm's motion for summary judgment against Appellant and Cross-Appellee Gary Gonzalez. In two issues on appeal, Gonzalez contends that Grimm failed to prove each element of her immunity defense and that his controverting evidence created a fact issue. In her sole issue on appeal, Grimm contends that the trial court erred in failing to award her attorney's fees and costs.

## BACKGROUND

The summary-judgment evidence shows that Grimm was the principal at the school Gonzalez' child attended in the El Paso Independent School District (EPISD). Gonzalez called Grimm at her school office and then recited Grimm's correct social security number. Gonzalez then asked Grimm how it made her feel to know that he had her social security number and then asked, "[D]o you know what I could do with this?" Grimm reported these events to her immediate supervisor, Dr. Linda Holman, who advised Grimm that she should report the incident to the EPISD police department. Grimm thereafter reported the conversation to the EPISD police department.

EPISD Officer Lionel Calanche subsequently executed a complaint affidavit in which he

recited Gonzalez' statements to Grimm as constituting the offense of harassment, a criminal offense with which the El Paso District Attorney then charged Gonzalez. The complaint and information alleged, in part, that Gonzalez committed the offense of harassment on March 8, 2006, by use of a telephone in a manner reasonably likely to alarm Grimm, by causing Grimm's phone to ring repeatedly, and by making repeated telephone communications to Grimm in a manner likely to harass, annoy, alarm, abuse, torment, or embarrass her. A capias for Gonzalez' arrest was executed. Ultimately, the case was dismissed upon the exercise of the prosecutor's discretion.

Gonzalez filed suit against Grimm, a middle-school principal, for malicious criminal prosecution. Grimm generally denied Gonzalez' allegations of malicious criminal prosecution and asserted three affirmative defenses of immunity: (1) that all of her complained-of actions were incident to or within the scope of her duties of employment as a professional employee of the El Paso Independent School District and involved the exercise of her judgment or discretion, thereby rendering her immune from liability under Texas Education Code Section 22.0511; (2) that she had engaged in the complained-of conduct in the course and scope of her employment as an official and employee of a governmental subdivision of the State of Texas, was performing discretionary governmental acts at all pertinent times, had performed those governmental acts in good faith, and was immune from liability under the common law doctrine of official immunity; and (3) that she was immune from liability under the Paul D. Coverdell Teacher Protection Act of 2001. TEX. EDUC. CODE ANN. § 22.0511(a) (West Supp. 2010). Grimm also asserted that she was entitled to recover attorney's fees and costs under Section 22.0517 of the Texas Education Code. TEX. EDUC. CODE ANN. § 22.0517 (West 2006).

Thereafter, Grimm sought both a final summary judgment based upon her alleged immunity

2

under Section 22.0511 as well as the recovery of her attorney's fees under the Texas Education Code. TEX. EDUC. CODE ANN. § 22.0511(a) (West Supp. 2010), § 22.0517 (West 2006). Although Gonzalez opposed the motion, on April 6, 2010, the trial court granted summary judgment in favor of Grimm but did not award Grimm the attorney's fees she sought.

## DISCUSSION

Initially, we consider both Gonzalez' first issue asserting that Grimm failed to prove each element of her alleged immunity defense and his second issue asserting that his controverting evidence raised a fact issue, thus barring the trial court's order granting summary judgment.

### Standard of Review

A defendant who asserts an affirmative defense as the basis for summary judgment is entitled thereto upon conclusively proving all essential elements of the defense as a matter of law. *Enriquez v. Khouri*, 13 S.W.3d 458, 460-61 (Tex. App. – El Paso 2000, no pet.). We review *de novo* a trial court's determination that a party's right to prevail is established as a matter of law. *Rabatin v. Kidd*, 281 S.W.3d 558, 560 (Tex. App. – El Paso 2008, no pet.). In reviewing the summary-judgment motion, we accept as true all evidence favorable to the non-moving party, draw all reasonable inferences in favor of the non-movant and resolve any doubts in the non-movant's favor. *Enriquez*, 13 S.W.3d at 460-61. When a defendant establishes that the asserted affirmative defense bars the plaintiff's action, the plaintiff must then produce summary-judgment evidence raising a genuine issue of material fact in avoidance of the affirmative defense. *Enriquez*, 13 S.W.3d at 461.

### Summary Judgment

In relevant part, Section 22.0511 of the Texas Education Code provides:

(a) A professional employee of a school district is not personally liable for any act

3

that is incident to or within the scope of the duties of the employee's position of employment and that involves the exercise of judgment or discretion on the part of the employee, except in circumstances in which a professional employee uses excessive force in the discipline of students or negligence resulting in bodily injury to students.

TEX. EDUC. CODE ANN. § 22.0511(a) (West Supp. 2010). A "professional employee of a school district" includes a principal. TEX. EDUC. CODE ANN. § 22.051(a)(1) (West 2006). The statutory immunity provided by the Texas Education Code is in addition to and does not preempt the common-law doctrines of official and governmental immunity. TEX. EDUC. CODE ANN. § 22.051(b) (West 2006).

Grimm, therefore, was entitled to summary judgment only upon conclusively proving as a matter of law all of the essential elements of Section 22.0511(a): (1) that she was a principal; (2) that her actions were incident to or within the scope of her duties; and (3) that her duties involved the exercise of judgment or discretion on her part. TEX. EDUC. CODE ANN. § 22.0511(a) (West Supp. 2010). "Whether one is acting within the scope of his employment depends upon whether the general act from which injury arose was in furtherance of the employer's business and for the accomplishment of the object for which the employee was employed." *Chesshir v. Sharp*, 19 S.W.3d 502, 504 (Tex. App. – Amarillo 2000, no pet.), *citing Leadon v. Kimbrough Bros. Lumber Co.*, 484 S.W.2d 567, 569 (Tex. 1972). In determining whether an act is ministerial or discretionary, we look to the ability of the actor to exercise discretion when performing the act. *Chesshir*, 19 S.W.3d at 506. Because an official act that is ministerial still requires the actor to use some discretion in the performance of the act, the distinction between an act that is ministerial and one that is discretionary is often one of degree. *Enriquez*, 13 S.W.3d at 462. A ministerial act is not limited to commandment by statute but may be imposed by orders or other duties. *City of Lancaster v.*

4

*Chambers*, 883 S.W.2d 650, 654 (Tex. 1994).  When a policy prescribes an actor's duties with a degree of precision and certainty that leaves nothing to the exercise of the actor's judgment, then the actor's performance of those duties is ministerial.  *Downing v. Brown*, 935 S.W.2d 112, 114 (Tex. 1996).  Because ministerial duties do not involve the exercise of judgment or discretion, they do not cloak the actor with immunity.  *Cortez v. Weatherford ISD*, 925 S.W.2d 144, 148 (Tex. App. – Fort Worth 1996, no writ).

In support of her motion for summary judgment, Grimm presented the affidavit of Associate Superintendent Dr. Linda Holman, Ed.D., Grimm's own purported affidavit and supporting documents affixed thereto, and certified copies of records from the El Paso County Clerk's office relating to the charge, prosecution, and dismissal of the harassment case against Gonzalez.[1]

In conducting our *de novo* review, we first address Grimm's purported affidavit that is attached as Exhibit B to her summary-judgment motion.  Exhibit B consists of Grimm's written statement entitled "Affidavit of Ione Grimm" to which documents are affixed in support of the affidavit and the motion for summary judgment.

An affidavit is a written, factual statement signed by the person making it, sworn before an officer authorized to administer oaths, and officially certified by the officer under seal of office. TEX. GOV'T CODE ANN. § 312.011(1) (West 2005).  A document which does not bear the third-party certification known as a "jurat" is not an affidavit and does not constitute proper summary-judgment evidence.  *Medford v. Medford*, 68 S.W.3d 242, 246-47 (Tex. App. – Fort Worth 2002, no pet.). Because, absent a jurat, an intended affidavit does not authenticate any documents attached thereto

---

[1] In support of her request for an award of attorney's fees, an affidavit from Grimm's counsel was also filed with her motion for summary judgment.

as exhibits, such documents are not entitled to consideration as summary-judgment evidence. *Medford*, 68 S.W.3d at 246-47.

Because Grimm's written statement as it exists in both the appellate and trial-court records is unsigned by her and is not officially certified under seal by an officer authorized to administer oaths, it does not constitute an affidavit, does not authenticate the documents affixed thereto, and will not support a summary judgment, even though it is unchallenged.[2] *Medford*, 68 S.W.3d at 246-47; *Bernsen v. Live Oak Ins. Agency, Inc.*, 52 S.W.3d 306, 310 (Tex. App. – Corpus Christi 2001, no pet.) ("An unsworn statement that purports to be an affidavit will not support a summary judgment, even if unchallenged."); *Hall v. Rutherford*, 911 S.W.2d 422, 425 (Tex. App. – San Antonio 1995, writ denied) (without the notarization required by Section 312.011(1) of the Texas Government Code, a statement is not an affidavit and is not competent summary-judgment proof); *De Los Santos v. Southwest Texas Methodist Hosp.,* 802 S.W.2d 749, 755 (Tex. App. – San Antonio 1990, no pet.) (a person making an affidavit must swear to and sign the statement before a notary; because the lack of a properly notarized signature is a substantive and not a purely formal defect, an unsigned, unsworn statement is not competent summary-judgment proof); *compare* TEX. R. CIV. P. 166a(f) (defects in the form of affidavit will not be grounds for reversal unless objection is made, and request to amend is refused). Consequently, in our *de novo* review of the trial court's grant of Grimm's summary-judgment motion, we will not consider the affidavit or evidence presented in Exhibit B. *Medford*, 68 S.W.3d at 246-47.

Grimm's remaining summary-judgment evidence includes: (1) the affidavit of Dr. Linda

---

[2] Upon inquiry by this Court, the District Clerk confirmed that Grimm's written statement is deficient in the trial court's record.

Holman, Grimm's immediate supervisor at the time of Gonzalez' March 8, 2006, phone call to Grimm; (2) the complaint and information filed on February 21, 2007, charging Gonzalez with harassment; (3) Officer Calanche's complaint affidavit in EPISD case numbers 06-44173 and 06-44288 wherein Officer Calanche states that he is aware of Gonzalez' "harassments during the months of February and March of 2006 by means of EPISD Case reports (sic) 06-44288 and numerous witness statements," and specifies within the complaint affidavit that the threatening manner of Gonzalez' "social-security number" phone call to Grimm by means of the school's business telephone on March 8, 2006, resulted in Grimm feeling harassed, annoyed, alarmed, abused, tormented, and embarrassed; (4) the executed capias issued for Gonzalez' arrest for harassment occurring on March 8, 2006; (5) an order setting Gonzalez' harassment case for trial on January 15, 2008; (6) the District Attorney's motion to dismiss the harassment case due to "prosecutorial discretion" on January 14, 2008; and (7) five witness subpoenas, three of which were returned unserved and filed with the District Clerk on January 15, 2008, the date on which trial was scheduled to commence.

In her affidavit, Dr. Holman stated that in March of 2006, she was the Associate Superintendent for middle schools within EPISD and was Principal Grimm's immediate supervisor. Dr. Holman stated that Principal Grimm was the administrative leader of the middle school, was responsible for ensuring the safety and security of all students, staff, and other personnel at the school, and who in the discharge of her duties was required to exercise judgment and discretion in determining when a situation exists which should be reported to law enforcement officials. According to Dr. Holman, Grimm's actions in reporting Gonzalez' phone call to the school district police and her cooperation with law enforcement authorities in regard thereto were made in the

7

course and scope of her school district employment and necessarily involved the exercise of Grimm's judgment and discretion.

Dr. Holman's affidavit states that Grimm was employed as the principal at the middle school within the school district in March 2006, and this undisputed evidence meets the first element of Grimm's immunity defense. TEX. EDUC. CODE ANN. § 22.0511(a) (West Supp. 2010); TEX. EDUC. CODE ANN. § 22.051(a)(1) (West 2006). Gonzalez, however, complains that Grimm failed to conclusively prove as a matter of law that her report to law enforcement regarding Gonzalez' phone call was an act incident to or within the scope of her duties or that the report involved the exercise of judgment and discretion on Grimm's part. We agree and find that the legal and factual conclusions set forth in Dr. Holman's affidavit are insufficient to conclusively prove that reporting Gonzalez' phone call to law enforcement was incidental to or within the scope of her duties as a principal. Although Grimm received Gonzalez' phone call while performing her duties as a principal and made a report to school district police, Dr. Holman's affidavit simply states a legal and factual conclusion that Grimm's actions were within the scope of her employment and fails to discuss how reporting Gonzalez' phone call to law enforcement related to and furthered the objectives of Grimm's responsibilities as a principal, which Dr. Holman described as "ensuring the safety and security of all students, staff, and other personnel at the school." *Compare Kobza v. Kutac*, 109 S.W.3d 89, 94 (Tex. App. – Austin 2003, pet. denied) (finding that affidavit which discussed scope of employee's duties and how employee's actions were an attempt to further her objectives as a teacher were non-conclusory).

Here, the summary-judgment evidence fails to show how Grimm's report of Gonzalez' alleged threat to use her social security number, a number which was only significant to Grimm

8

individually, was in furtherance of the school district's business and furthered her objectives as a principal. *Chesshir*, 19 S.W.3d at 504. Thus, Grimm did not conclusively prove as a matter of law that she was entitled to shield herself with the statutory immunity offered under Section 22.0511 of the Texas Education Code. Because of this deficiency, the evidence was inadequate to support Grimm's motion for summary judgment upon the basis of the affirmative defense of immunity under the Texas Education Code. TEX. EDUC. CODE ANN. § 22.0511(a) (West Supp. 2010); TEX. EDUC. CODE ANN. § 22.051(a)(1) (West 2006). We sustain Gonzalez' first issue and need not address his second issue.

Because we find the summary-judgment evidence to be deficient and the trial court's grant of Grimm's motion for summary judgment to be erroneous, we do not reach Grimm's sole issue on appeal regarding entitlement to attorney's fees under Section 22.0517 of the Texas Education Code, which is now moot. TEX. EDUC. CODE ANN. § 22.0517 (West 2006).

## CONCLUSION

The trial court's order granting summary judgment is reversed and the cause is remanded for further proceedings.


GUADALUPE RIVERA, Justice

October 26, 2011

Before McClure, C.J., Rivera, J., and Chew, C.J., (Senior)

9